UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| NICOLAE S. AVASILOAEI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:21-cv-10548-IT |
| GEORGE C. MAIOR, Romanian Ambassador to the United States,[1] ROMANIAN ADMINISTRATION NATIONAL ANTIFRAUD, and ROMANIAN MINISTER OF PUBLIC FINANCE, | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

October 18, 2021

TALWANI, D.J.

On April 4, 2021, Plaintiff Nicolae Avasiloaei filed a Complaint [#1] against the Romanian Ambassador to the United States, the Romanian Administration National of Antifraud, and the Romanian Minister of Public Finance, alleging claims of abuse, illegal repossession, embezzlement, intent to permanently deprive Plaintiff of his property, and discrimination.[2]

On June 1, 2021, Plaintiff filed an Affidavit of Service [#6] which included seven attachments [#6-1, #6-2, #6-3, #6-4, #6-5, #6-6, #6-7]. In his Affidavit [#6], Plaintiff stated he

---

[1] Plaintiff has named George Cristian Maior as the Romanian Embassy in his Complaint [#1]; the court understands Plaintiff to be suing the Romanian Ambassador to the United States.

[2] On May 27, 2021, prior to receiving the Affidavit of Service [#6], the court received a letter on National Agency for Fiscal Administration letterhead explaining that the Defendants would need more time than the 21 days specified in the summons to respond. Letter [#5].

gave the summons "in person" to the Ministry of Finance and Administration of National Antifraud. Attached to Plaintiff's Affidavit [#6] are the following documents: (1) a "receipt and proof of signature" on the summons given to the Ministry of Finance, [#6-1]; (2) a "receipt and proof of signature" on the summons given to the Administration of National Antifraud, [#6-2]; (3) tracking information for an item sent to an address in Washington, D.C., with an annotation that the item was sent to the "Romanian Embassy Washington, D.C.," [#6-3]; (4) a document Plaintiff states is a confirmation from the Ministry of Finance that it received the summons, [#6-4]; (5) a document Plaintiff states is a confirmation from the Administration of National Antifraud that it received the summons, [#6-5]; (6) a document Plaintiff states is "Signature and Proof Headquarters ANAF in Oradea, Romania," [#6-6]; and (7) a receipt from the United States Postal Service for an item addressed to the Minister of Finance in Romania, [#6-7].

I. Legal Standard

Federal Rule of Civil Procedure 4(j)(1) dictates that a political subdivision, agency, or instrumentality of a foreign state must be served in accordance with the effective service requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(b). This section of the statute provides:

> (b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or
> (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

>(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
>(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
>(C) as directed by the order of the court consistent with the law of the place where service is to be made.

28 U.S.C. § 1608(b).

## II. Discussion

Service is proper when it adheres to the requirements above. Here, the requirements have not been met. Section 1608(b)(1) is inapplicable, as there is no evidence of a special arrangement for service between the Romanian agencies and Plaintiff.

The first portion of § 1608(b)(2) is also inapplicable, as no evidence has been submitted to show that there is an established "officer, a managing or general agent, or . . . other agent authorized by appointment or by law to receive service of process in the United States." Plaintiff filed a printout from "USPS Tracking Intranet" which states an item was delivered to an address in Washington, D.C., on April 27, 2021, and has a handwritten annotation that it was sent to the Romanian Embassy, but does not indicate what was delivered, who signed for it, or whether anyone at that address in Washington, D.C., is authorized by law to receive service. See [#6-3].

As Romania and the United States are both signatories to the Hague Convention on Service, the second portion of § 1608(b)(2) applies. Thus, to effectuate proper service under the Treaty, Plaintiff must serve Romania's Central Authority for the Hague Convention at "Ministry of Justice, Department of International Law and Treaties, Unit of judicial co-operation in civil and commercial matters, Strada Apollodor 17, Sector 5 BUCURESTI, Cod 050741, Romania." See § 1608(b)(2) (requiring Plaintiff to act in accordance with an applicable international convention on service of judicial documents); see also Hague Convention on the Service Abroad

of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (providing each country's Central Authority address for service). Under § 1608(c)(2), Plaintiff bears the burden to establish proper service and Plaintiff offers no evidence that he served the Defendants at the proper address.

At this stage, Section 1608(b)(3) does not apply because no evidence has been submitted showing that effective service could not have been made under § 1608(b)(2).

III. Conclusion

If Plaintiff seeks to proceed pursuant to the Hague Convention he shall promptly give notice to the court and the court will grant Plaintiff a period of three months commencing from the date of such order to effectuate service. See Barot v. Embassy of the Republic of Gambia, 785 F.3d 26, 29 (D.C. Cir. 2015) ("there is no statutory deadline for service under the Foreign sovereign Immunities Act, unlike the presumptive 120-day time limit in Rule 4(m) of the Federal Rules of Civil Procedure"). If Plaintiff does not so notify the court by November 1, 2021, the court will dismiss the action without prejudice for failure to prosecute.

IT IS SO ORDERED.

Date: October 18, 2021                                /s/ Indira Talwani
                                                     United States District Judge