UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NICOLAE S. AVASILOAEI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:21-cv-10548-IT |
| | * | |
| GEORGE C. MAIOR, Romanian Ambassador to the United States,[1] ROMANIAN ADMINISTRATION NATIONAL ANTIFRAUD, and ROMANIAN MINISTER OF PUBLIC FINANCE, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

April 14, 2022

TALWANI, D.J.

On April 9, 2021, Plaintiff Nicolae Avasiloaei filed the Complaint [Doc. No. 1] in this matter. Summonses issued the same day. [Doc. No. 3]. On October 29, 2021, the court extended Avasiloaei's time to file proof of service in light of his notice that he intended to serve Defendants pursuant to the Hague Convention. Elec. Order [Doc. No. 11]. Avasiloaei subsequently requested additional time to complete service, Letter [Doc. No. 13], and relayed to the clerk that the Ministry of Justice in Romania has requested that the summonses be forwarded by a judicial officer—a request consistent with the Hague Convention. See Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,

---

[1] Plaintiff has named George Cristian Maior as the Romanian Embassy in his Complaint [Doc. No. 1]; the court understands Plaintiff to be suing the Romanian Ambassador to the United States.

Section 3, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality").

In preparing to forward such a request, the court has reviewed the Statement of Defence [Doc. No. 8] submitted by the Romanian Ministry of Finances. Although that Statement of Defence [Doc. No. 8] does not amount to a formal appearance or constitute a properly filed motion to dismiss, the issue of foreign sovereign immunity raised therein does warrant consideration before the court forwards documents for service.

Avasiloaei claims his Mercedes Benz E400 was improperly seized when it was being transported from Germany to Romania. Compl. 4, § III [Doc. No. 1]. He alleges "abuse, illegal [repossession], embezzlement, intent to permanently deprive the owner of property, [and] discrimination" by Defendants. Id. 3, § A. The named Defendants, however, are all foreign government officials or entities: the Romanian Ambassador to the United States, the Romanian Administration of National Antifraud, and the Romanian Minister of Public Finance. Id. at 3, § A.

"Subject to existing international agreements . . . a foreign state[2] shall be immune from the jurisdiction of the courts of the United States and of the State" but for several exceptions,

---

[2] A "foreign state" for the sections relevant here "includes political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b)." 28 U.S.C. § 1603(a). Subsection (b) states that "agency or instrumentality of a foreign state" means "any entity—(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (e) of this title, nor created under the laws of any third country." Id. § 1603(b)(1)-(3).

3

none of which seems to be applicable here. 28 U.S.C. § 1604. Accordingly, Avasiloaei is ordered to show cause by April 29, 2022, as to why Defendants are not immune from jurisdiction of the court under 28 U.S.C. § 1604 for the claims alleged in his <u>Complaint</u> [Doc. No. 1]. In the absence of a colorable showing as to why Defendants would be subject to the jurisdiction of this court, the court will not forward the summonses for service and will instead dismiss the complaint without prejudice.

    IT IS SO ORDERED.

Date: April 14, 2022                        <u>/s/ Indira Talwani</u>
                                                             United States District Judge